IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NIRIZ PINALES,<br><br>    Plaintiff,<br><br>v.<br><br>GEICO INSURANCE AGENCY, INC.,<br><br>    Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Niriz Pinales ("Plaintiff" or "Ms. Pinales"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) and files this Complaint for Damages against Defendant Geico Insurance Agency, Inc. ("Defendant" or "Geico"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

This action is brought to remedy employment discrimination on the basis of race, national origin (Dominican), gender, and disability in the terms, conditions and privileges of employment in violation of: (a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); (b) the Americans With

Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 et seq. ("ADAA"); and

(c) the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981").

## ADMINISTRATIVE PROCEDURES

2.

Ms. Pinales has fulfilled all conditions necessary to proceed with this cause of action under Title VII.

3.

Ms. Pinales timely filed her charge of discrimination against the Defendant with the EEOC on January 9, 2019.

4.

The EEOC issued its Notice of Right to Sue on August 28, 2019.

5.

Ms. Pinales timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## JURISDICTION AND VENUE

6.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b)

7.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

## PARTIES

8.

Plaintiff is subject to the jurisdiction of this Court.

9.

Plaintiff is an "employee" within the meaning of Section 1981.

10.

Defendant is a domestic company qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

11.

Defendant is an "employer" as defined by Section 1981.

12.

Defendant is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h), and has employed more than the requisite number of persons for the requisite duration under Title VII.

13.

Defendant may be served with process by delivering a copy of the summons and complaint to their Corporate Registered Agent, CT Corporation System, 289 S. Culver St., Lawrenceville, Gwinnett County, Georgia 30046-4805.

**FACTUAL ALLEGATIONS**

14.

Plaintiff was hired in June 2014 as a Sales Agent in Defendant's Virginia office.

15.

Plaintiff has disabilities for which she requires reasonable accommodation.

16.

At the Virginia office, Plaintiff requested accommodations for her disability and was accommodated by Defendant.

17.

Plaintiff's race is African American. Plaintiff is originally from the Dominican Republic.

18.

Plaintiff (female) is homosexual and has a wife. Plaintiff's sexual orientation was known to her supervisor and co-workers.

19.

Plaintiff is perceived by others to exhibit gender non-conforming appearance and behavior.

20.

Around March 27, 2018, Plaintiff was transferred to Defendant's Macon, Georgia office.

21.

From the outset, Plaintiff felt that her supervisor Bonnie Calkin was treating her differently.

22.

Plaintiff's paperwork for her license was delayed because Defendant Human Resources did not want to initially accept or process Plaintiff's valid U.S. Green Card. In the Virginia office, Defendant processed Plaintiff's paperwork within two to three weeks so that she could obtain her license, while in Defendant's Georgia office, it took Defendant three months to process Plaintiff's paperwork for her license.

23.

During the time that Plaintiff's licensed was delayed by Defendant, Plaintiff was not allowed to work overtime or earn commissions and was only able to complete odd jobs while waiting for her license.

24.

After Plaintiff's license paperwork was processed, she was placed on Bonnie Calkin's team.

25.

Calkin denied Plaintiff's request for reasonable accommodation for her disability.

26.

Calkin also complained about having to do the paperwork related to Plaintiff's disability. Calkin stated to Plaintiff that she needed to be mindful of her time off work and that "things don't work that way here in Macon."

27.

Calkin would also reprimand Plaintiff for things that others were not reprimanded. Plaintiff was treated differently than a similarly situated white, male employee.

28.

Plaintiff was denied a schedule adjustment, while her white, male co-worker was allowed the schedule adjustment.

29.

In September 2018, Plaintiff was verbally reprimanded by Calkin and later issued a written reprimand for attendance.

30.

Plaintiff complained to Human Resources about the write up and the disparate treatment, and HR reversed the written reprimand.

31.

Plaintiff also complained about the denial of her request for reasonable accommodations. HR stated that Plaintiff would be accommodated.

32.

However, on October 18, 2018, Plaintiff was discharged by Calkin despite Plaintiff's accommodation being granted.

33.

Calkin stated to Plaintiff that her employment was terminated for poor attendance.

34.

Defendant discriminated against Ms. Pinales because of her race, gender, national origin, and disability.

35.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text as shown by Defendant's actions.

36.

Others outside of the Ms. Pinales' protected classification were treated preferably.

## CLAIMS FOR RELIEF

## COUNT ONE: RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

37.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

38.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

39.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

40.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

41.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

42.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

### COUNT TWO: VIOLATION OF 42 U.S.C. § 1981

43.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

44.

Defendant subjected Plaintiff to discrimination and harassment on the basis of her race.

45.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

46.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

47.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

48.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

49.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

50.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

## COUNT THREE:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION

51.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

52.

Plaintiff engaged in protected conduct when she complained to Defendant Human Resources about the disparate treatment.

53.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

54.

There was a causal connection between the protected conduct and the adverse action.

55.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

56.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

## COUNT FOUR: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT ("ADA") (DISCRIMINATION, FAILURE TO ACCOMMODATE, AND RETALIATION)

57.

Ms. Pinales repeats and re-alleges the preceding paragraphs as if set forth fully herein.

58.

Section 102 of the ADA protects qualified individuals, including Ms. Pinales, from adverse employment actions based on a known disability of the employee.

59.

At all times relevant to this action, Ms. Pinales was a "qualified individual" as that term is defined by the ADA.

60.

At all times relevant to this action, Ms. Pinales was an individual with a "disability" as that term has been defined by the ADA.

61.

At all times relevant to this action, Defendant and individuals involved in the decision to terminate Ms. Pinales were aware of Ms. Pinales' disabilities, including at the time of Defendant's termination of Ms. Pinales.

62.

Ms. Pinales' disability and/or need for a reasonable accommodation were determinative factors in Defendant's decision to terminate Pinales.

63.

At all times relevant to this action, Ms. Pinales could perform the essential functions of her position, with or without a reasonable accommodation.

64.

Defendant "regarded" Ms. Pinales as having a "disability" under the ADA.

65.

Ms. Pinales had a record of having a disability such that she is a person with a "disability" within the meaning of the ADA, as amended.

66.

In terminating Ms. Pinales, Defendant discriminated against Pinales because of her disabilities, and/or need for an accommodation, thus violating Ms. Pinales' rights under the ADA entitling her to all appropriate relief thereunder.

13

67.

In terminating Ms. Pinales after she sought a reasonable accommodation, Defendant retaliated against Ms. Pinales in violation of the ADA.

68.

As a result of Defendant's unlawful actions, Ms. Pinales has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

69.

Defendant acted with malice and in reckless indifference to Ms. Pinales' federally-protected rights.  Ms. Pinales is therefore entitled to punitive damages.

70.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

71.

Defendant treated other employees outside Ms. Pinales' protected class differently.

72.

Defendant's actions in subjecting Ms. Pinales to different terms and conditions of employment constitutes unlawful discrimination in violation of the Americans with Disabilities Act of 1990, as amended.

14

73.

Defendant has willfully and wantonly disregarded Ms. Pinales' rights, and Defendant's discrimination against Ms. Pinales was undertaken in bad faith.

74.

The effect of the conduct complained of herein has been to deprive Ms. Pinales of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

75.

As a direct and proximate result Defendant's violation of the ADA, Ms. Pinales has been made the victim of acts that have adversely affected her psychological and physical well-being.

76.

As a result of Defendant's discriminatory actions against Ms. Pinales, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

77.

Pursuant to the ADA, as amended, Ms. Pinales is entitled to damages, including but not limited to back pay and lost benefits, reinstatement, compensatory

damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

## COUNT FIVE: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

78.

Ms. Pinales re-alleges the preceding paragraphs as if set forth fully herein.

79.

Defendant's actions in subjecting Ms. Pinales to different terms and conditions of employment constitutes unlawful discrimination on the basis of her national origin (Dominican) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

80.

Defendant has willfully and wantonly disregarded Ms. Pinales' rights, and Defendant's discrimination against Pinales was undertaken in bad faith.

81.

The effect of the conduct complained of herein has been to deprive Ms. Pinales of equal employment opportunity and has otherwise adversely affected her status as an employee because of her national origin.

16

82.

As a direct and proximate result of Defendant's violation of Title VII, Ms. Pinales has been made the victim of acts that have adversely affected her psychological and physical well-being.

83.

Defendant, therefore, is liable for the damages caused proximately by its discrimination.

## COUNT SIX:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

84.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

85.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender, gender non-conforming behavior and/or appearance, and sexual orientation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

17

86.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

87.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender, gender non-conforming behavior and/or appearance, and sexual orientation.

88.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

89.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

**WHEREFORE**, Ms. Pinales respectfully prays for relief as follows:

(a)    General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits;

(d)     Damages for breach of contract;

(e)     Reasonable attorney's fees and expenses of litigation;

(f)     Trial by jury as to all issues;

(g)     Prejudgment interest at the rate allowed by law;

(h)     Declaratory relief to the effect that Defendant has violated Ms. Pinales' statutory rights;

(i)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(j)     All other relief to which she may be entitled.

Respectfully submitted this 26th day of November 2019.

**BARRETT & FARAHANY**

s/Sheri Bagheri
Sheri Bagheri
Georgia Bar No. 174460

19

*Attorney for Plaintiff Niriz Pinales*

1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 (*facsimile*)
sheri@justiceatwork.com